IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA POPECK | * | |
| Petitioner | * | |
| v. | * | Civil No.: PJM 10-2777 |
| | * | Crim. No.: PJM 09-0149 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Lisa Popeck has filed a Motion to Vacate Sentence [Paper No. 51] pursuant to Title 28 U.S.C. § 2255. Having considered Popeck's Motion and the Government's Opposition thereto, the Court **DENIES** the Motion.

## I.

Popeck entered a guilty plea to five felony offenses, including three counts of interstate transportation of property obtained by fraud in violation of 18 U.S.C. § 2314; bankruptcy fraud in violation of 18 U.S.C. § 157; and concealment of property in a bankruptcy proceeding in violation of 18 U.S.C. § 152(1). She was sentenced to concurrent sentences of 34-month imprisonment on each of the five counts followed by three-year terms of supervised release and ordered to pay restitution in the amount of $21,488.50, and a special assessment of $500.

The Court recommended to the Bureau of Prisons (BOP) that Popeck be designated to the Federal Prison Camp (FPC) at Lexington, Kentucky and that she participate in any appropriate mental health evaluation and treatment program available there. Per the Court's recommendation, Popeck, who is now 77 years old, was designated to FPC at Lexington and has since remained in custody there. Popeck did not appeal her sentence.

1

**II.**

In the instant Motion, Popeck argues that her sentence should be vacated because the Court imposed it under a "material misapprehension" about the type of accommodation the BOP could provide for her mental health needs.[1] Namely, she alleges that the Court incorrectly believed she would receive intensive, individualized mental health treatment appropriate for her medical history and that the Court would have exercised its discretion under 18 U.S.C. § 3553(a) differently had it been aware that the BOP would not accommodate her mental health needs.

In response, the Government argues that Popeck's Motion is both procedurally and substantively barred. First, the Government argues that Popeck should have pursued the abovementioned claim on direct appeal. Not having done so, says the Government, she is required to show "cause" for failing to raise this issue on direct appeal as well as "actual prejudice" resulting from the alleged error. The Government contends that Popeck has failed to meet this burden, such that her claim is procedurally defaulted. Second, the Government asserts that Popeck's claim falls outside the parameters of a § 2255 challenge, since in essence it is a challenge to the manner in which the BOP is executing her sentence, it should have been brought pursuant to 28 U.S.C. § 2241.

**III.**

Title 28 U.S.C. § 2255 establishes a post-conviction remedy for federal prisoners permitting them to move the sentencing court to vacate, set aside or correct their sentence on the

---

[1] Originally, Popeck raised two additional claims – (1) Due Process Violation – Material Misapprehension of Fact and Plain Sentencing Error Related to Incorrect Criminal History Calculation and (2) Ineffective Assistance of Trial Counsel in Preparation For and At Sentencing. However, in her Reply to the Government's Response, Popeck conceded that, upon a more thorough review of the record, the aforementioned claims are moot.

ground that the sentence was imposed in violation of the Constitution or laws of the United States. *Daniels v. United States*, 532 U.S. 374 (2001). Relief under § 2255 will be granted when the alleged violation is "a fundamental defect which inherently results in a complete miscarriage of justice," and in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. United States*, 417 U.S. 333, 346 (1974); *see also United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993).

A § 2255 petition, however, may not substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *Dragenie v. Ridge*, 389 F.3d 92, 98 (4th Cir. 2004). All available claims must be advanced on direct appeal, or they will be procedurally barred. *Frady*, 456 U.S. at 165. To avoid a procedural default, a claim raised for the first time in a § 2255 petition must be accompanied by a showing of "cause" why it was not raised on direct appeal and a demonstration of "actual prejudice" resulting from the alleged error. *Id*. at 167-68; *Bousley v. United States*, 523 U.S. 614, 622 (1998).

## IV.

Popeck alleges that the Court sentenced her under a "material misapprehension" as to the type of mental health treatment she would receive within the BOP system. She did not pursue this claim on direct appeal. As such, she has the burden to show "cause" for her failure to raise this issue on direct appeal and to demonstrate that she suffered "actual prejudice" resulting from the alleged error.

Popeck says that she did not possess the information necessary to raise her claim on direct appeal because the Court's mistaken belief as to the BOP's actual ability to adequately care for her mental health needs only came to light after she began serving her sentence. As to

3

prejudice, Popeck simply alleges that had the Court known this material information, it would impose a lesser sentence.

Assuming that the Court's understanding about the quality of BOP's health infrastructure was erroneous (the Court does not concede that it was) and regardless of when Popeck became aware of the alleged "misapprehension" on the part of the Court, she has not demonstrated that she suffered "actual prejudice." Her argument is particularly weakened by the fact that the Court's "recommendation" that she participate in any appropriate mental health evaluation and that she be designated to Lexington, Kentucky was wholly independent of the Court's calculation of her criminal history or sentencing guidelines range. Accordingly, Popeck's Due Process claim that her sentence was based on a "material misapprehension" about the BOP's accommodation of her mental health needs cannot be raised for the first time in a § 2255 Motion.

## V.

Moreover, Popeck's claim exceeds the parameters of § 2255. Relief under § 2255 is limited to those situations in which a petitioner alleges a constitutional or jurisdictional error, or in which the court makes an error that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. at 346; *United States v. Metzger*, 3 F.3d at 757.

While Popeck asserts that the Court was mistaken about the type of accommodation the BOP would provide for her mental health needs and that it specifically intended to assign her to a facility where she would undergo certain types of treatment, the Court did no more than recommend that Popeck participate in any appropriate mental health evaluation and treatment program. Even if the Court had specifically intended that Popeck receive a certain level of mental health care, which turned out to be unavailable, that misunderstanding would not

constitute a fundamental defect. *See United States v. Addonizio*, 442 U.S. 178, 187 (1979) ("There is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge.") (Holding that judge's erroneous belief concerning the parole consequences of a sentence does not entitle an inmate to relief under 28 U.S.C. § 2255).

Failure of the Court to accurately predict the extent to which BOP might accommodate a prisoner's mental health needs does not justify a collateral attack on her sentence pursuant to § 2255. The BOP is vested with a great deal of discretion in placing and treating prisoners, the exercise of which is limited only by the statutory requirement that it consider all of the factors listed in 18 U.S.C. § 3621(b). Thus, the BOP is authorized to "designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau…that the Bureau considers to be appropriate and suitable." 18 U.S.C. § 3621(b). Any determinations, decisions, and orders the BOP makes pursuant to 18 U.S.C. § 3621(b) are exempt from judicial review per the Administrative Procedure Act. 18 U.S.C. § 3625. Moreover, a prisoner has no protected liberty interest in placement in a particular correctional facility, even if the degree of confinement at one location is different from that at another. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Given the BOP's wide discretion over placement and treatment of its prisoners, the Court is without authority to vacate Popeck's sentence under § 2255 on the ground that BOP's placement and treatment of a prisoner may differ from those contemplated by the Court. Popeck's Motion to Vacate is therefore **DENIED**.[2]

---

[2] Popeck's claim really a challenge to the manner in which her sentence has been executed, since she contends that the BOP has failed to provide her with adequate mental health care. A habeas petition alleging such a claim must be filed under 18 U.S.C. § 2241. *See United States v. Recinos-Gallegos*, 151 F. Supp. 2d 659, 660 (D. Md. 2001) ("Furthermore, it has been persuasively held elsewhere that an equal protection challenge to an alien's eligibility for

## VI.

Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record and finds that Popeck has not made the requisite showing here. Accordingly, the Court **DENIES** a certificate of appealability.

## VII.

For the foregoing reasons, Popeck's Motion to Vacate [Paper No. 51] is **DENIED**. A separate Order will **ISSUE**.

**August 9, 2011**                                     /s/
                                               **PETER J. MESSITTE**
                                        **UNITED STATES DISTRICT JUDGE**

---

prison programs and the like…is not a ground for relief under 28 U.S.C. § 2255, but should be presented in a habeas corpus petition under section 2241."). In a § 2241 petition, the petitioner must name as the respondent "the person who has custody over him" and must file the petition in the district of confinement. 28 U.S.C. § 2242. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The instant Motion should have named the Warden at Federal Prison Camp at Lexington, Kentucky as a respondent and should have been filed in the Eastern District of Kentucky.
That said, however, Popeck's claim would still fail on the merits.